1  Ryan L. McBride, Esq. (SBN 297557)
2  ryan@kazlg.com
   Aryanna Young, Esq (SBN 344361)
3  aryanna@kazlg.com
4  **Kazerouni Law Group, APC**
   2221 Camino Del Rio S, Suite 101
5  San Diego, CA 92108
6  Telephone: (800) 400-6808
7  Facsimile:   (800) 520-5523

8
   Attorneys for Plaintiff
9  Sharon Rios

10

11           **UNITED STATES DISTRICT COURT**
12           **EASTERN DISTRICT OF CALIFORNIA**

13
    | | |
    |---|---|
    | **SHARON RIOS** | Case No. |
    | Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** |
    | **v.** | |
    | **MANDARICH LAW GROUP, LLP and CAVALRY SPV I, LLC,** | **JURY TRIAL DEMANDED** |
    | Defendant. | |

24

                     **INTRODUCTION**
25
26  1.   This case arises as a result of false, deceptive and unfair debt-collection practices
27       promulgated by Mandarich Law Group, LLP ("Mandarich") and Cavalry SPV I,
28       LLC, ("Cavalry") (or jointly as "Defendants") who misrepresented to Plaintiff

**COMPLAINT**

Sharon Rios ("Plaintiff") that she was entitled to have her claims decided in arbitration. Specifically, Defendants filed a lawsuit against Plaintiff in Glenn County Superior Court despite Plaintiff's election of arbitration pursuant to the arbitration clause in the agreement between the parties.

2.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   Plaintiff through Plaintiff's attorneys, brings this action to challenge the actions of Mandarich and Cavalry, with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.   While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.   Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7.   Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

COMPLAINT

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to general state jurisdiction.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

10. Plaintiff resides in Glenn County, as defined by 28 U.S.C. § 1391c(1), therefore this is the proper judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, Defendants tried to collect the alleged debt owed, by suing Plaintiff in Superior Court despite that the fact that Plaintiff timely exercised her right to have the dispute heard in arbitration pursuant to the agreement with the original creditor.

12. Because Plaintiff resides in the County of Glenn at the time Defendants tried to collect on the alleged debt owed and Plaintiff still resides in County of Glenn, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

**PARTIES**

14. Plaintiff is a natural person and resident of the State of California.

15. Defendant Mandarich is headquartered in Chicago Illinois but actively litigates cases with California licensed attorneys throughout the state of California.

16. Defendant Cavalry is headquartered in Valhalla, New York.

17. Defendants are in the business of the collection of consumer debt.

18. Plaintiff was allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. At all times relevant to this complaint, Defendants were companies engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5).

COMPLAINT

20. Defendants regularly attempt to collect debts alleged to be due another, and therefore are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

21. Plaintiff reincorporates by reference all of the preceding paragraphs.

22. Sometime before April 20, 2023, Plaintiff is alleged to have incurred certain financial obligations to Citibank, N.A. ("Citibank"). The alleged debt stemmed from a Bestbuy Platinum personal credit card.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5)..

24. Sometime thereafter, but before April 20, 2023, Plaintiff allegedly defaulted on the payments alleged to be owed on the alleged debt.

25. Sometime on or shortly before April 20, 2023, Cavalry was assigned the debt amounting to $2,374.04 from Citibank that was allegedly owed by Plaintiff. As the assignee, Cavalry assumed all of the rights and responsibilities of the agreement between Plaintiff and Citibank.

26. Plaintiff's agreement with the original creditor, Citibank, contained an arbitration clause that states in part the following:

**ARBITRATION**

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY. THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW.**

- 4 -

**Covered claims**

• You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").

• **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**

(Capitalization and Bold in original)

27. The arbitration section of the terms and conditions goes on to mention that, "You may arbitrate on an individual basis Claims brought against you, including Claims to collect a debt…" and "Arbitration may be requested any time, even where there is a pending lawsuit, unless a trial has begun or a final judgment entered." Finally it also states, "This arbitration provision shall survive changes in this Agreement and termination of the account or the relationship between you and us, including the bankruptcy of any party and any sale of your account, or amounts owed on your account, to another person or entity."

28. On or about April 20, 2023, Mandarich sent a letter to Plaintiff on behalf of Cavalry attempting to collect the alleged debt at issue.

29. Plaintiff originally asked for validation of the debt and was subsequently sent documentation and Defendants resumed collection activities on the account.

30. In response to Defendants 'collection attempts, on or about July 25, 2023, at 1:39pm a letter was sent via facsimile to Defendants addressed to Mandarich, stating in part the following:

    If you decide to pursue legal action against me, I hereby demand that such legal action be done so in arbitration, pursuant to the cardholder agreement.

31. Shockingly, despite Plaintiff's clear and explicit election of arbitration, on or about July 31, 2023, Defendants ignored Plaintiff's request and filed a civil

COMPLAINT

collection action against Plaintiff in Glenn County, California. The case was entitled *CAVALRY SPV I, LLC AS ASSIGNEE OF CITIBANK N.A. v. SHARON RIOS,* Glenn County Case # 23CV03202 ("the Collection Case").

32. Defendant's filing of the Collection Case usurped Plaintiff of her right to have the claim heard in arbitration as agreed to between Plaintiff and Defendant.

33. By suing Plaintiff in Glenn County Superior Court, rather than bringing the claims in arbitration, Defendants implemented false and deceptive practices in order to avoid arbitration in violation of 15 U.S.C. §§ 1692e and 1692e(10).

34. By suing Plaintiff in Glenn County Superior Court, rather than bringing the claims in arbitration, Defendants made an unfair and unconscionable attempt to collect a debt from Plaintiff in violation of 15 U.S.C. § 1692f.

35. By suing Plaintiff in Glenn County Superior Court, rather than bringing the claims in arbitration, Defendants participated in conduct that had the natural consequence of which to harass, oppress, and abuse, Plaintiff and the least sophisticated consumer in violation of 15 U.S.C. § 1692d.

36. By suing Plaintiff in Glenn County Superior Court, rather than bringing the claims in arbitration, Defendants are forcing Plaintiff to incur additional unnecessary fees by making Plaintiff pay a filing fee in Glenn County Superior Court and another filing fee in arbitration.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

COMPLAINT

39.   Defendants violated the FDCPA. These violations include, but are not limited to, the following:

   a.   Defendant made and used false, deceptive, and misleading representations in an attempt to collect the alleged debt in violation of 15 USC § 1692e and 1692e(10);

   b.   Defendant took action that cannot legally be taken in violation of 15 USC § 1692e(5);

   c.   Defendant knowingly filed a lawsuit in disregard of an arbitration election by Plaintiff, which is an unfair and unconscionable means to collect debt, in violation of 15 USC § 1692f;

   d.   Defendant knowingly filed a lawsuit in disregard of an arbitration election by Plaintiff, therefore, Defendants are attempting to harass, oppress, and abuse the Plaintiff in violation of 15 USC § 1692d.

40.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

### FAIR DEBT COLLECTION PRACTICES ACT

• an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from each Defendant;

• an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from each Defendant;

• an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant

COMPLAINT

41.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 8, 2024                              **KAZEROUNI LAW GROUP, APC**


                                    By:   /s/ Ryan L McBride, Esq.
                                                  Ryan L McBride, Esq.
                                                  Aryanna Young, Esq.
                                                  ATTORNEY FOR PLAINTIFF

COMPLAINT